**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| CHERYL STONEHOCKER<br><br>　　　Plaintiff,<br>　vs.<br><br>COMENITY BANK,<br><br>　　　Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. Seq.]<br>2. REVISED CODE OF WASHINGTON UNFAIR BUSINESS PRACTICES – CONSUMER PROTECTION ACT 19.86<br>3. REVISED CODE OF WASHINGTON – INVASION OF PRIVACY 42.56.050 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cheryl Stonehocker ("Plaintiff"), through her attorneys, alleges the following against Defendant, Comenity Bank, ("Defendant" or "Comenity"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Revised Code of Washington's Unfair Business Practices – Consumer Protection Act Chapter 19.86. ("RCW").

    The Consumer Protection Act is a Washington state statute that prohibits unfair and deceptive practices.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B and Revised Code of Washington 42.56.050, which prohibit an intentional intrusion, "that would be highly offensive to a reasonable person and is not of legitimate concern to the public."

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq.

5. Venue in this district is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Centralia, Lewis County, Washington.

8. Defendant Comenity is a banking institution engaged in the business of giving credit and the collection of debt, with their registered agent located in Wilmington, DE. Defendant can be served with process through its registered agent, The Corporation Trust Company, at the Corporation Trust Center on 1209 Orange St., Wilmington, DE 19801.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Defendant was attempting to collect an alleged debt from Plaintiff.

11. In or around June of 2018, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-3330, in an attempt to collect an alleged debt.

12. The calls mainly originated from the following numbers: (913) 563-5513, (855) 334-4198, (614) 754-4060, (800) 695-2912, (720) 456-3681, (720) 456-3778, (614) 212-5140, (720) 456-3684, (614) 729) 5602, (303) 255-5190, (801) 438-8288, (614) 534-2516, (913) 312-9491, (360) 347-8520, (913) 312-9490, (720) 372-5773. Upon information and belief, these numbers are owned or operated by Defendant.

13. On or about June 1, 2018, at 4:11 p.m., Plaintiff answered a call from Defendant, on her cellular telephone, originating from (913) 563-5513.  Plaintiff heard a pause before the representative began to speak, indicating the use of an Automated Telephone Dialing System.

14. Plaintiff spoke with a Defendant's representative and was informed that he or she was attempting to collect a debt.

15. During this conversation, Plaintiff stated that she wanted Defendant to stop calling her; The representative responded by saying that they will continue to call Plaintiff.

16. Despite Plaintiff unequivocally revoking consent to be contacted, Defendant continued to call Plaintiff on her cellular phone.

17. On or about November 19, 2018 at 9:51 a.m., Plaintiff answered a call from Defendant on her cell phone. Plaintiff heard a pause before the representative began to speak, indicating the use of an automated telephone dialing system.

18. Plaintiff spoke with Defendant's representative and was informed that he or she was attempting to collect a debt.

19. During this conversation, Plaintiff told the representative that she was on social security disability, that she was not working, that she has several health problems and she is taking medication for them, that her husband recently had surgery because he has prostate cancer, that he is not working as much as he used to, that the Defendant should communicate with Plaintiff in writing only, that Plaintiff did not have any money to make a payment, and that Plaintiff would call Defendant when she could make a payment.

20. Despite Plaintiff revoking consent to be called for the second time, Defendant continued to call Plaintiff, even calling her that same day less than twenty (20) minutes later at 10:10 a.m.

21. There were several occasions where Defendant called Plaintiff four (4) or five (5) times in a single day.

22. Defendant attempted to mislead and confuse Plaintiff by calling from at least fifteen (15) different phone numbers.

23. Between June 2018 and November 2018, Plaintiff received approximately seventy-five (75) calls from Defendant, despite her revoking consent to be called on her cell phone on two (2) occasions.

24. Plaintiff also received numerous pre-recorded voicemail messages on her cell phone from Defendant.

25. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

26. Defendant was aware that Plaintiff was on social security disability, that Plaintiff and her husband had medical conditions, that Plaintiff could not make a payment because of her situation, and that Plaintiff had requested not to be called on more than one occasion.

27. Defendant's conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

28. Plaintiff is on social security disability and does not work.

29. Plaintiff's spouse is the only income provider, however, he had surgery because of prostate cancer and has not been able to work as often further reducing their income.

30. Plaintiff also suffers from depression, anxiety, and fibromyalgia, which is a condition that causes widespread pain and tenderness in the body.

31. Plaintiff takes prescription medication for her medical conditions.

32. Defendant's assault of automated debt collection calls, even after Plaintiff spoke to Defendant more than once has caused Plaintiff to suffer stress, anxiety, embarrassment, worry, frustration, headaches, fatigue and emotional and mental pain and anguish.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

36. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of Revised Code of Washington Unfair Business Practices – Consumer Protection Act 19.86)**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated Revised Code of Washington Unfair Business Practices - Consumer Protection Act 19.86.020 which states in pertinent part, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

39. As a result of Defendant's violations of 19.86.020, Plaintiff is entitled to recover her actual damages sustained pursuant to 19.86.090. Further, also pursuant to 19.86.020, the Court has the discretion to award Plaintiff three times her actual damages.

## COUNT III

**(Intrusion Upon Seclusion)**

40. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Revised Code of Washington 42.56.050 prohibits an intentional intrusion, "that would be highly offensive to a reasonable person and is not of legitimate concern to the public."

43. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b) The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c) Defendant's conduct would be highly offensive to a reasonable person.

    d) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Cheryl Stonehocker, respectfully requests judgment be entered against Defendant, Comenity Bank, for the following:

A. Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); or

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B); and/or

C. Punitive damages pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Actual damages pursuant to the Revised Code of Washington Chapter 19.86.020; and

E. Cost and reasonable attorneys' fees pursuant to the Revised Code of Washington Chapter 19.86.020; and

F. Any punitive damages that this Court may be allowed to award Plaintiff; and

G. Any pre-judgment and post-judgment interest as may be allowed under the law; and

H. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: January 18, 2018

|   |   |
|---|---|
| 1 |  |
| 2 | */s/Dawn McCraw* |
| 3 | Dawn McCraw, WSBA #54543 |
|   | Price law Group, APC |
| 4 | 8245 N. 85th Way |
| 5 | Scottsdale, AZ 85258 |
|   | T: (818) 600-5585 |
| 6 | F: (866) 683-3985 |
| 7 | E: dawn@pricelawgroup.com |
| 8 | *Counsel for Plaintiff* |
|   | *Cheryl Stonehocker* |